TAIT et al., Appellants, v. FREEMAN et al:, Respondents

(57 N. W.2d 520)

(File No. 9353. Opinion filed March 16, 1953)

**Max Royhl and Boyd M. Benson,** Huron, for Appellants.
**Ralph A. Dunham and William J. Flittie,** Pierre, for Respondents.

RUDOLPH, J. The thirty-second session of the Legislature of this state by Chapters 74 and 75, Laws of 1951, provided for the liquidation of the Teachers' Retirement System established by Ch. 51, Laws of 1939, as amended by Ch. 64, Laws of 1945. Plaintiffs brought this proceeding to enjoin the enforcement of the 1951 law, claiming that as to them, and the class they represent, the law is unconstitutional. The trial court held adversely to plaintiffs' claim and they have appealed.

In 1939, by the said Ch. 51, the legislature established a system of retirement for school teachers. This law provided in substance so far as here material that teachers should be admitted to the system upon written application and thereafter pay certain amounts into the system. Upon retirement a member should receive an annuity equal to the actuarial equivalent of his accumulated contributions at the

time of retirement, and a pension equal to his annuity but not in excess of three hundred dollars a year. Eligibility for retirement depended upon thirty years teaching, provided that the teacher had attained an age of sixty years. The pension fund was made up of appropriations made by the legislature; the annuity fund by payments made by the teachers. The law provided for management of the funds paid into the system, and specifically provided that such funds, whether annuity or pension funds, should accumulate until such time as a teacher retired at which time there should be paid to reserve funds a sufficient amount to pay the annuity and pension as contemplated by the law. We quote Section 25 of the 1939 Act:

"Section 25. Guaranty. The creation and maintenance of reserves in the Pension Accumulation Fund, the maintenance of annuity reserves and pension reserves as provided for, and regular interest creditable to the various funds as provided in this Act, and the payment of all pensions, annuities, retirement allowances, refunds and other benefits granted under the provisions of this Act, and all expenses in connection with the administration and operation of this retirement system are hereby made obligations of the State of South Dakota, whenever the legislature of said State shall appropriate funds to pay the contributions of said State for the payment of teachers pensions as provided in this Act. All income, interest and dividends derived from deposits and investments authorized by this Act shall be used for the payment of the said obligations of the said State. Any amounts derived therefor which, when combined with the regular amounts, otherwise contributable by the State of South Dakota as provided under the provisions of this Act, exceed the amount required to provide such obligations, shall be used to reduce any appropriations which the legislature may hereafter make for the payment of teachers pensions as provided in this Act."

The facts are stipulated, but it is unnecessary to set forth this stipulation in full. Plaintiffs and the class they represent had taught the required thirty years, but had not reached sixty years of age prior to the effective date of the 1951 Act. They had made the payments required and com-

plied with the law in other respects. It appears that there is $116,050.01 in the Pension Accumulation Fund, which had been appropriated by the Legislature. The stipulation further provides:

"It is further Stipulated that at no time since the creation of the South Dakota Retirement System pursuant to Chaper 51 of the South Dakota Session Laws of 1939, as amended, was there a sufficient total of funds appropriated by the South Dakota legislature into the Pension Accumulation Fund, the sole fund into which the legislature appropriated funds for the State's contribution, after necessary transfers therefrom pursuant to law into the Pension Reserve Fund for the benefit of teachers actually retired pursuant to the said South Dakota Teachers' Retirement System, to set up the contributions made by the State of South Dakota as an actuarially sound fund designed to pay the contributions of said State for the payment of teachers' pensions as provided by the said South Dakota Teachers' Retirement System as to either all non-retired categories of teachers participating in the said South Dakota Teachers' Retirement System or as to those combined categories of teachers participating in the said South Dakota Teachers' Retirement System composed (1) of those teachers in all respects entitled to retire pursuant to the South Dakota Teachers' Retirement System but not having elected to retire, plus (2) those teachers in all respects qualified to retire under the South Dakota Teachers' Retirement System except not yet having reached the age of 60 years, said latter category being the status of plaintiffs herein. (It being understood that by this statement the plaintiffs do not intend to admit that the fact of reaching 60 years of age is a prerequisite to qualifying for retirement allowances, the statement being only to identify the group.) Except that if only teachers of plaintiffs' group, who have not accepted refund under Chapter 74, Session Laws of 1951, by cashing checks, are now entitled to retirement allowances, and if that group is not now entitled to complete payments not heretofore made to Annuity Savings Fund, then the sum now remaining in the Pension Accumulation Fund is actuarially sufficient to pay that group a Pension provided by the Retirement Law, on

the basis of the contributions thus actually made by the teachers of plaintiffs' group, defendants again not conceding that said Pension Accumulation Fund can be allocated for the sole benefit of plaintiffs and those similarly situated."

Teachers who had retired before the effective date of the 1951 Act were by the 1951 Act secured in their benefits under the 1939 Act. The legislature provided that all others including plaintiffs "shall have returned to him that amount of money which he has contributed to the Annuity Savings Fund with the interest * * *". Sec. 3, Ch. 75, Laws of 1951.

We dispose first of appellants' contention that they have a vested right in the $116,050.01 appropriated by the legislature and which had not been transferred to the Pension Reserve Fund when liquidation was commenced. We think a complete answer to this contention is that this money was not appropriated for the exclusive benefit of the plaintiffs, but generally for the Retirement System and those participating therein. It follows that plaintiffs have no particular right to this money. Their only right stems from being members of the System, and their right is no different from other members of the System. The fact that this amount is sufficient if transferred to the reserve fund to pay the pension to these plaintiffs and others in their class who have not accepted liquidation, can have no effect upon this controversy or give plaintiffs any special right to this fund.

Plaintiffs' primary contention, as we view it, is that they have a vested right to be paid their pension under the terms of the 1939 Act, and that this right cannot be destroyed by the legislature. Plaintiffs contend that having taught the requisite number of years, and during that time having met all required payments, their right to the pension became vested. The defendants contend that under the law the right to receive a pension is dependent not only upon teaching 30 years, but also reaching the age of 60 years; that plaintiffs had not reached the required age and that therefore their rights were inchoate only and subject to any act of the legislature.

Cases involving the question of whether there is a vested right to receive a pension are legion. See Annotations 54 A.L.R. 943, 98 A.L.R. 505, 112 A.L.R. 1009, 137 A.L.R.

249. We believe the better reasoned cases hold the relationship between the member of retirement system and the system is contractual. However, it is the particular legislative act which forms the basis for a contract. It is necessary in each case to consider the details and provisions of the statute or plan set up pursuant to statute, under which a claim is made.

The statute we are here considering specifically reserves the right to the state to appropriate funds to the system or not to appropriate such funds, as it may elect. The language of Section 25 we believe permits no other construction. This section provides that the plan set up and the payment of pensions shall be an obligation of the state "whenever the legislature of said State shall appropriate funds to pay the contributions of said State for the payment of teachers pensions as provided in this Act." Later in the same section reference is made to "appropriations which the legislature **may** hereafter make * * *". This language neither binds the state nor gives a member any basis upon which to claim that a contract exists between him and the state whereby the state has obligated itself to appropriate any money or pay the pension according to the terms of the Act. Of course if the legislature has appropriated funds sufficient to pay the pension which the act contemplates the pensioner then, under the terms of the Act, has a right to be paid accordingly. But the Act is specific in this respect, it is not until retirement that there is transfered to the Pension Reserve Fund an amount sufficient to pay the pension. Section 21(2). Plaintiffs had not reached the retirement age required by the Act, and, of course, there was no fund set aside for the payment of pensions to them. Their status as we view it under the terms of the Act is no different from any other member who has not retired. There is nothing in the Act which supports plaintiffs' contention that 30 years of service creates a vested right. It is retirement that brings into existence the fund upon which the pensioner has the right to depend. Reaching 60 years of age is an essential requirement for retirement. Until this age is reached no fund is set apart, and all who have not retired are in the same class under the law.

Plaintiffs concede in this case that unless plaintiffs had rights different from other members of the system because of teaching 30 years, their rights "were inchoate and could be cancelled or revoked at the will of the legislature". Such concession we believe finds logical support in those provisions of the Act to which reference has been made. The court being of the opinion that under the terms of this Act it is the fact of retirement and not number of teaching years that creates rights upon which the teacher is entitled to depend, it follows that plaintiffs' rights were inchoate only, and subject to the legislative act of 1951.

The judgment appealed from is affirmed.

All the Judges concur.